Filed 9/13/21  P. v. Boukes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077058 |
| v. | (Super.Ct.No. BAF1600917) |
| NOY ESTUL BOUKES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On remand from this court, the trial court struck the prior prison term enhancements (Pen. Code, § 667.5, subd. (b))[1] and imposed but struck punishment on the gang enhancements attached to counts 2 and 3 (§ 186.22, subd. (b)(1)(A)). After defense counsel filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and requesting this court review the record for any potentially arguable issues. We affirm.

## I. PROCEDURAL BACKGROUND[2]

The People charged defendant with the first degree murder of victim No. 1 (Pen. Code, § 187, subd. (a), count 1), threatening victim No. 2 (§ 422, count 2), and falsely imprisoning victim No. 2 (§ 236, count 3). The People also alleged that defendant intentionally murdered victim No. 1 while defendant was an active member of a criminal street gang. (§ 190.2, subd. (a)(22).) The People also alleged that defendant personally discharged a firearm during the commission of the murder and proximately caused great bodily injury or death (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)) and that the offenses in counts 2 and 3 were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)). Finally, the People alleged defendant suffered three prior prison terms (§ 667.5, subd. (b)) and two prior strike

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] On our own motion, we take judicial notice of our nonpublished opinion from defendant's appeal of the original judgment. (*People v. Boukes* (Dec. 4, 2020, E072973) [nonpub. opn.]; see Evid. Code, § 459.)

convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)). (*People v. Boukes*, *supra*, E072973.)

A jury found defendant guilty on all three counts and rendered true findings on all sentencing allegations. In a separate proceeding, defendant admitted the three prior prison term and the two prior strike conviction enhancements. The trial court sentenced defendant to state prison for life without the possibility of parole for his conviction for the special circumstance murder; an indeterminate term of 25 years to life for the firearm use enhancement and consecutive terms of 25 years to life for each of his convictions on counts 2 and 3, for an indeterminate term of 75 years to life; and a determinate term of three years for the three prior prison term enhancements. (*People v. Boukes*, *supra*, E072973.)

Defendant appealed. We affirmed the judgment but remanded the matter so that the trial court could impose or strike the gang enhancements on counts 2 and 3. (*People v. Boukes*, *supra*, E072973.) We also directed the court to strike the three, one year prior prison term enhancements. (*Ibid*.) On remand, pursuant to the parties' stipulation, the court struck the prior prison term enhancements and imposed but struck punishment on the gang enhancements on counts 2 and 3.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

3

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                              J.

We concur:

RAMIREZ _____
                    P. J.

SLOUGH _____
                    J.

4